IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ANDREW RICHIE, § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. _____ |
| § | |
| § | PLAINTIFF DEMANDS |
| VALERO ENERGY CORPORATION, § | A TRIAL BY JURY ON HIS |
| VALERO TERMINALING AND § | *IN PERSONAM* CLAIMS |
| DISTRIBUTION COMPANY, PI DOCK § | |
| FACILITIES LLC, TRANS-GLOBAL § | |
| SOLUTIONS, INC., TRAVESIA § | |
| MARITIME, LTD., UNISEA INC., § | |
| *IN PERSONAM* and THE M/V § | |
| AQUATRAVESIA, ITS APPAREL, § | |
| EQUIPMENT, ENGINES, FREIGHT, ETC., § | |
| *IN REM* § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ANDREW RICHIE, hereinafter referred to as 'Plaintiff', complaining of VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, TRANS-GLOBAL SOLUTIONS, INC., TRAVESIA MARITIME, LTD., UNISEA INC., *IN PERSONAM,* and THE M/V AQUATRAVESIA, *IN REM*, hereinafter referred to as 'Defendants', and would respectfully show as follows:

I.
JURISDICTION

1.	This is an action within the maritime jurisdiction of this Court. This claim is maintained under 33 U.S.C. §§ 901, et seq, known as the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), 33 U.S.C. § 933, and the General Maritime Law of the United States.

2.	In the alternative, and to the extent that some of Plaintiff's claims are maintained under Texas

1

law, the Court also has supplemental jurisdiction over said claims under 28 U.S.C. § 1367 because said claims are so related to the admiralty or maritime claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

3.     Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this Honorable Court.

## II.
## VENUE

4.     Venue is proper in the Eastern District of Texas because the underlying occurrence took place in this District and because of a written venue agreement entered by Plaintiff and Defendants stipulating that venue is proper in the Eastern District of Texas.

## III.
## PARTIES

5.     Plaintiff, ANDREW RICHIE, a person of majority age, is a resident of Jefferson County, Texas.

6.     Defendant, VALERO ENERGY CORPORATION, is a foreign corporation doing business in the Eastern District of Texas. This Defendant may be served with due process at its registered agent for service of process, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

7.     Defendant, VALERO TERMINALING AND DISTRIBUTION COMPANY, is a foreign corporation doing business in the Eastern District of Texas. This Defendant may be served with due process at its registered agent for service of process, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

8.     Defendant, PI DOCK FACILITIES LLC, is a foreign corporation doing business in the Eastern District of Texas. This Defendant may be served with due process at its registered agent for

service of process, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

9.     Defendant, TRANS-GLOBAL SOLUTIONS, INC., is a domestic corporation doing business in the Eastern District of Texas. This Defendant may be served with due process at its registered agent for service of process, Brian Bommer, 1735 W. Cardinal Drive, Beaumont, Texas 77705.

10.    Defendant, TRAVESIA MARITIME, LTD., is believed and therefore to be a company existing under the laws of the country of Greece with an address at 4, Xenias Street, Kifisia, 145 62 Athens Greece. Service of process on this Defendant may be made according to the Hague Convention or as authorized by the Federal Rules of Civil Procedure.

11.    Defendant, UNISEA INC., is believed and therefore to be a company existing under the laws of the country of Greece with an address at 4, Xenias Street, Kifisia, 145 62 Athens Greece. Service of process on this Defendant may be made according to the Hague Convention or as authorized by the Federal Rules of Civil Procedure.

12.    Defendant, the M/V AQUATRAVESIA, *in rem*, is a crude oil tanker vessel flying the flag of Liberia. The vessel's IMO Number is 9785732. The vessel's build year is 2017 and its Call Sign is D5NA7. Service of process on this Defendant may be made by serving the Master of the Vessel or in any other manner authorized by the Federal Rules of Civil Procedure and/or the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

IV.
FACTS

13.    Plaintiff, ANDREW RICHIE, would show that this lawsuit has become necessary as a result of personal injuries he sustained on or about June 7, 2022.

14.    On or about June 7, 2022, Plaintiff, ANDREW RICHIE, sustained injuries during the course and scope of his employment as a foreman and line handler employed by Biehl International Corporation and/or Carlsen Mooring & Marine Services, LLC.

15. Plaintiff, ANDREW RICHIE, is a worker covered under The Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, et seq.

16. On or about June 7, 2022, Plaintiff sustained occupational injuries while performing his duties as a foreman and line handler at the Valero Pleasure Island Dock on the Sabine-Port Arthur Ship Channel in Port Arthur, Texas.

17. At all relevant times, the Valero Pleasure Island Dock was owned, operated, and/or controlled by Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILTIES LLC, and TRANS-GLOBAL SOLUTIONS, INC.

18. On or about June 7, 2022, Plaintiff was tasked with mooring the M/V AQUATRAVESIA, an 830-foot crude oil tanker vessel.

19. At all relevant times, Defendant, TRAVESIA MARITIME, LTD., was the owner of the M/V AQUATRAVESIA.

20. At all relevant times, the M/V AQUATRAVESIA was operated and crewed by Defendant, TRAVESIA MARITIME, LTD., and/or UNISEA INC.

21. At the time of the occurrence on or about June 7, 2022, Plaintiff was taking lines from the vessel to secure to bollards on the dock. The crew aboard the oil tanker threw a line from the vessel to the dock. Representatives and/or agents of Defendants ordered Plaintiff to take the line from the vessel, even though there were no safety straps and there was no messenger line. The stern line got caught on a bolt, which was sticking out from the bumpers at the dock.

22. Normally, safety straps fitted on the dock would have guided the vessel's lines and kept them from dropping down and becoming entangled with the dock's fendering system. However, the safety straps had been removed and replaced with other guards. The new guards were installed

incorrectly and were inadequate to prevent lines from getting caught and entangled. The new guards/replacement straps were unable to keep the heavy mooring line from getting caught on the dock's fendering system.

23. The 830-foot oil tanker could not be secured alongside the dock without the line that had become stuck between the dock and the vessel. Plaintiff attempted to free the line to complete the mooring operation.

24. While trying to free the line, it became taut as the crew of the vessel began pulling it back onboard with a powered winch and without communicating to the line handlers or checking that it was safe and clear to do so. With undue tension placed on the line, the section of the dock the line had been snagged on sheared off, causing the line to suddenly jump and violently strike Plaintiff in the face between his nose and mouth. He was thrown back and knocked out by the impact.

25. As a result of being struck by the line, Plaintiff suffered severe and debilitating injuries to his face, teeth, head, neck, back, and other parts of his body. In addition, the underlying physical injuries have caused substantial impact and injury to Plaintiff's mental health and emotional wellbeing.

26. To the extent that Plaintiff had any pre-existing injuries or medical condition(s) at the time of the occurrence in question, the same was not disabling, and he would respectfully show that such pre-existing condition, if any, was aggravated by the incident made the basis of this suit to such an extent that it became disabling, bringing about the necessity of medical treatment.

V.
**FIRST CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANTS, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, AND TRANS-GLOBAL SOLUTIONS, INC., *IN PERSONAM***

27. Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

28. Plaintiff brings this cause of action for negligence against Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., *in personam,* pursuant to the General Maritime Law of the United States and 33 U.S.C. § 933.

29. In the alternative, Plaintiff brings this action against Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., *in personam,* for common law negligence under Texas state law.

30. On or about June 7, 2022, Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., were negligent and said negligence was a cause of the injuries sustained by Plaintiff.

31. At all relevant times, Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., owned, maintained, or controlled the various equipment and fixtures involved in the underlying occupational injuries to Plaintiff and further contracted with various third-parties for the underlying mooring operation.

32. At all relevant times, Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., controlled and/or supervised the mooring operation taking place at the time of the occurrence.

33. At all relevant times, it was feasible for Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and

TRANS-GLOBAL SOLUTIONS, INC., to provide to Plaintiff, and said Defendants owed to Plaintiff, a duty to exercise ordinary care to prevent foreseeable injury.

34. Plaintiff further contends that on the occasion in question, Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., acting through their officers, agents, servants, and/or employees, were careless and negligent in breach of the duties owed to Plaintiff, ANDREW RICHIE.

35. Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., were careless and negligent in the following respects:

  a. In failing to provide a safe and adequate dock and dock fendering system, which Plaintiff was required to use at the time of the occurrence;
  b. In ordering Plaintiff to take a line from the vessel, even though there were no safety straps or messenger line;
  c. In failing to ensure proper safety straps were correctly installed and fit for service;
  d. In failing to properly oversee the mooring operation at hand;
  e. In negligently installing new guards that were inadequate to prevent lines from getting caught in the dock's fendering system;
  f. In failing to ensure proper communication between the vessel and the line handling crew, including Plaintiff;
  g. Other acts of negligence as proven at time of trial.

36. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to become injured, for which Defendants are jointly and severally liable to Plaintiff in damages.

37. On or about June 7, 2022, and as a direct and proximate result of the negligent acts and/or omissions of Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., Plaintiff, ANDREW RICHIE, sustained severe and debilitating injuries to his face, teeth, head, neck, and other parts of his body. Said occurrence and said injuries developed as a result of the

negligence of said Defendants, their agents, servants, and/or employees, acting in the course and scope of their employments or agency.

## VI.
### SECOND CAUSE OF ACTION FOR PREMISES LIABILITY AGAINST DEFENDANTS, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, AND TRANS-GLOBAL SOLUTIONS, INC., *IN PERSONAM*

38. Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

39. Plaintiff brings this cause of action for premises liability against Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., *in personam,* pursuant to the General Maritime Law of the United States and 33 U.S.C. § 933.

40. In the alternative, Plaintiff brings this cause of action for premises liability against Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., *in personam,* under Texas law.

41. At all material times, Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., were the owners, operators, occupiers, tenants, and/or possessors of the premises at the Valero Pleasure Island Dock facility in Port Arthur, Texas.

42. On or about June 7, 2022, Plaintiff entered the premises of Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., in response to said Defendants' invitation and for their mutual benefit. Plaintiff was a line handler employed by Biehl International

Corporation and/or Carlsen Mooring & Marine Services, LLC, and said employer had been contracted by Defendants to moor the M/V AQUATRAVESIA at Defendants' premises.

43. At all material times, Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., owed a duty of care to maintain the premises in a reasonably safe condition and to further protect Plaintiff from reasonable risks of which Defendants had knowledge and foreseeable risks that could be identified after a reasonable inspection.

44. Plaintiff contends that on the occasion in question, Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, and TRANS-GLOBAL SOLUTIONS, INC., breached their duties of care and one or more conditions on Defendants' premises posed an unreasonable risk of harm in the following respects:

   a. The dock was designed in an unsafe manner, which required the necessity of safety straps;
   b. The dock's safety straps had been removed prior to the underlying occurrence;
   c. The dock's safety straps had been outfitted with new guards, which were installed incorrectly and were incapable of safely guarding a vessel's mooring lines from the dock fendering system; and,
   d. Other unsafe conditions and/or breaches of duty to be proven at time of trial.

45. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to become injured, for which Defendants are jointly and severally liable to Plaintiff in damages.

46. On or about June 7, 2022, and as a direct and proximate result of unsafe condition of the premises, Plaintiff, ANDREW RICHIE, sustained severe and debilitating injuries to his face, teeth, head, neck, and other parts of his body.

VII.
THIRD CAUSE OF ACTION FOR VESSEL NEGLIGENCE AGAINST DEFENDANTS, TRAVESIA MARITIME, LTD. AND UNISEA INC., *IN PERSONAM*

47. Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

48. Plaintiff brings this cause of action for vessel negligence against Defendants, TRAVESIA MARITIME, LTD. and UNISEA INC., *in personam,* pursuant to 33 U.S.C. § 905(b) and the General Maritime Law of the United States.

49. At all material times, Defendants, TRAVESIA MARITIME, LTD. and UNISEA INC., owned, operated, manned, and/or controlled the M/V AQUATRAVESIA, and said Defendants maintained active control over said vessel.

50. On or about June 7, 2022, Plaintiff, ANDREW RICHIE, a worker covered under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901, et seq, sustained personal injuries caused by the negligence of the M/V AQUATRAVESIA, its owner, operator, and/or crew.

51. At all material times, Defendants, TRAVESIA MARITIME, LTD. and UNISEA INC., owed to Plaintiff duties to provide a safe workplace, equipment, and tools in a condition to allow Plaintiff to carry out his duties with reasonable safety.

52. At all material times, Defendants, TRAVESIA MARITIME, LTD. and UNISEA INC., had a duty to remedy and/or warn Plaintiff of the dangers Defendants knew or should have known about.

53. At all material times, Defendants, TRAVESIA MARITIME, LTD. and UNISEA INC., had an active control duty to exercise reasonable care to prevent injury to Plaintiff and his fellow coworkers for areas that remained under active control of the vessel. Defendants further had a duty to intervene if the vessel had knowledge of any dangers and should have anticipated that Plaintiff and his fellow co-workers would not or could not correct the danger.

54. On or about June 7, 2022, Defendants, TRAVESIA MARITIME, LTD. and UNISEA INC., were careless and negligent in breaching the above duties of care in the following particulars:

      a. In failing to exercise reasonable care in areas under active control of the vessel;
      b. In having an incompetent Master and crew;
      c. In failing to execute the mooring operation in a safe manner;
      d. In ordering Plaintiff to take the line from the vessel, even though there were no safety straps or messenger line;
      e. In failing to properly communicate with the Plaintiff and his fellow line-handlers;
      f. In prematurely pulling the line back onboard the vessel, after it had become snagged, with a powered winch and without communicating such action to the line-handlers or ensuring that it was safe to do so; and,
      g. In other manners to be proven at the time of trial.

55. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to become injured, for which Defendants are jointly and severally liable to the Plaintiff in damages.

56. On or about June 7, 2022, and as a direct and proximate result of the negligence of the vessel owned, operated, and/or controlled by Defendants, TRAVESIA MARITIME, LTD. and UNISEA INC., Plaintiff, ANDREW RICHIE, sustained severe and debilitating injuries to his face, teeth, head, neck, and other parts of his body.

## VIII.
## FOURTH CAUSE OF ACTION FOR VESSEL NEGLIGENCE AGAINST DEFENDANT, M/V AQUATRAVESIA, *IN REM*

57. Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

58. Plaintiff brings this cause of action against the Defendant, M/V AQUATRAVESIA, *in rem*, pursuant to 33 U.S.C. § 905(b) and the General Maritime Law of the United States.

59. On or about June 7, 2022, Plaintiff, ANDREW RICHIE, a worker covered under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901, et seq, sustained personal injuries caused by the negligence of the M/V AQUATRAVESIA, its owner, operator, and/or crew.

60. At all material times, Defendants, TRAVESIA MARITIME, LTD. and UNISEA INC., owed to Plaintiff duties to provide a safe workplace, equipment, and tools in a condition to allow Plaintiff to carry out his duties with reasonable safety.

61.     At all material times, the Defendant, M/V AQUATRAVESIA, *in rem*, had a duty to remedy and/or warn Plaintiff of the dangers Defendants knew or should have known about.

62.     At all material times, the Defendant, M/V AQUATRAVESIA, *in rem*, had an active control duty to exercise reasonable care to prevent injury to Plaintiff and his fellow coworkers for areas that remained under active control of the vessel. Said Defendant further had a duty to intervene if the vessel had knowledge of any dangers and should have anticipated that Plaintiff and his fellow co-workers would not or could not correct the danger.

63.     On or about June 7, 2022, the Defendant, M/V AQUATRAVESIA, *in rem*, was careless and negligent in breaching the above duties of care in the following particulars:

   a. In failing to exercise reasonable care in areas under active control of the vessel;
   b. In having an incompetent Master and crew;
   c. In failing to execute the mooring operation in a safe manner;
   d. In ordering Plaintiff to take the line from the vessel, even though there were no safety straps or messenger line;
   e. In failing to properly communicate with the Plaintiff and his fellow line-handlers;
   f. In prematurely pulling the line back onboard the vessel, after it had become snagged, with a powered winch and without communicating such action to the line-handlers or ensuring that it was safe to do so; and,
   g. In other manners to be proven at the time of trial.

64.     Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to become injured, for which the Defendant, M/V AQUATRAVESIA is liable to the Plaintiff *in rem*.

65.     On or about June 7, 2022, and as a direct and proximate result of the negligence of the vessel, M/V AQUATRAVESIA, Plaintiff, ANDREW RICHIE, sustained severe and debilitating injuries to his face, teeth, head, neck, and other parts of his body.

## IX.
## DAMAGES

66.     As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all

injuries which have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

67. By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, TRANS-GLOBAL SOLUTIONS, INC., TRAVESIA MARITIME, LTD., UNISEA INC. and THE M/V AQUATRAVESIA, *in rem*., are jointly and severally liable to Plaintiff:

    a. Reasonable and necessary medical expenses in the past and future;
    b. Physical pain and suffering in the past and in the future;
    c. Mental anguish in the past and in the future;
    d. Loss of earning capacity in the past and in the future;
    e. Physical disfigurement in the past and in the future;
    f. Physical impairment in the past and in the future;
    g. All damages referred to elsewhere in this Complaint;
    h. All damages allowed under law; and,
    i. Any other relief to which Plaintiff is entitled under law or equity.

68. All said injuries and damages in an extent, not now precisely known, in excess of $3,000,000.00.

## X.
## JURY DEMAND

69. Plaintiff demands a trial by jury on his *in personam* claims against Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, TRANS-GLOBAL SOLUTIONS, INC., TRAVESIA MARITIME, LTD. and UNISEA INC., and he tenders the appropriate jury fee.

## XI.
## PRAYER

70. WHEREFORE, PREMISES CONSIDERED, Plaintiff, ANDREW RICHIE, prays that Defendants, VALERO ENERGY CORPORATION, VALERO TERMINALING AND DISTRIBUTION COMPANY, PI DOCK FACILITIES LLC, TRANS-GLOBAL SOLUTIONS, INC., TRAVESIA MARITIME, LTD., UNISEA INC., *IN PERSONAM,* and THE M/V AQUATRAVESIA, *IN REM*, be cited to appear and answer herein in a form and manner prescribed by law, and after trial of the merits of this cause, Plaintiff have judgment against Defendants, jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

SCHECHTER SHAFFER, & HARRIS, L.L.P.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
TBA # 18085600
3200 Travis, Third Floor
Houston, Texas 77006
TEL:   (713) 524-3500
FAX:   (866) 696-5610
Mshaffer@smslegal.com

ATTORNEYS FOR PLAINTIFF

PLAINTIFF DEMANDS A TRIAL BY JURY ON HIS *IN PERSONAN* CLAIMS